## Lehigh Valley Railroad Co., Appellant, *v.* Mansel.

*Principal and agent—Evidence of agency—Bills of lading.*

In an action by a railroad company to recover freight and charges under a bill of lading purporting to have been signed by defendants through an agent named, and the defendants deny the agency and there is no offer by the plaintiff to show that the defendants gave the shipping orders, the trial judge cannot be convicted of error in refusing to permit the plaintiff to show other and similar acts of the alleged agent, where there is no offer to show that such acts related to transactions within a reasonable period prior to the signing of the shipping orders offered, or to connect the proposed testimony with other evidence showing that the alleged agent had within a reasonable time prior to the date of the orders been em-

Syllabus—Opinion of Court below. [67 Pa. Superior Ct.
ployed by the defendant, and had done similar work, or signed similar papers.

Unless there is proof either that an agency is a general continuing agency to endure until revoked, or that the agent fills some character from which such a general agency may be presumed the fact that there has been a separate former agency for a different or even a similar purpose does not raise a presumption of agency as to any subsequent transaction.

Argued March 12, 1917. Appeal, No. 19, March T., 1917, by plaintiff, from judgment of C. P. Lycoming Co., June T., 1914, No. 157, on verdict for defendants in case of Lehigh Valley Railroad Company v. James Mansel and Albert H. Metzger,. Copartners, trading as Mansel & Metzger. Before ORLADY, PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit for freight, demurrage, and storage charges in connection with a certain shipment of lumber.

At the trial the jury under direction of the court found a verdict for defendants. On a motion for a new trial, WHITEHEAD, P. J., filed the following opinion:

Under the plaintiff's testimony in this case Mansel & Metzger, the defendants, sold to the East End Lumber Company a quantity of lumber to be loaded on cars at Trout Run, this county.

The defendants secured Joseph Hilsher to see that said lumber was loaded on cars as per sale. When this lumber was loaded blank shipping orders, prepared by the Northern Central Railway Company, were signed as follows: "Mansel & Metzger, shippers, per J. H."

These shipping orders, together with way bills, were offered in evidence by plaintiff, to which offer counsel for defendants, made the following objection:

"This offer is objected to, by counsel for defendant, because there has been no proof offered, nor is it proposed to offer any in connection with these exhibits, that either the way bills or the shipping orders, or any of

them, now offered in evidence by the plaintiff, were executed by Mansel & Metzger, or authorized by them, and the exhibits offered are therefore incompetent, irrelevant and immaterial for any purpose in the issue now trying."

Upon this objection being made the court inquired of plaintiff's counsel, as follows:

"Do counsel for plaintiff propose to follow this offer by any testimony showing that these shipping orders were given by the defendants in this case?" Upon this inquiry being made counsel for plaintiff withdrew said offers.

The plaintiff then endeavored to show by G. C. Rockwell, its witness, that Mr. Hilsher had signed Mansel & Metzger's name to other shipping orders; also that other shipping orders signed by Mr. Hilsher had been ratified by Mansel & Metzger. These offers were objected to by counsel for defendants and the objection sustained by the court, and this raises the single question to be decided under this motion for judgment n. o. v.

Plaintiff at no time offered to show that Mr. Hilsher had been authorized by Mansel & Metzger to sign shipping orders for them. Neither did any of the questions, relating to work claimed to have been done by Hilsher for defendants, indicate when said work had been done. Neither did the plaintiff propose to follow this offer that the work inquired about had been done by direction of the defendants, nor within a reasonable time prior to the date of the signing of the shipping orders produced in this case. If the plaintiff would have confined some of its questions to a time within a reasonable period prior to the signing of the shipping orders offered in this case, or if it would have proposed to follow this testimony with other evidence showing that Mr. Hilsher had, within a reasonable time prior to the date of these shipping orders, been employed by the defendants, and had done similar work, or signed similar papers as those offered, then the evidence might have been admissible; but as the questions did not state when such work had been done,

and as there was no offer to follow this, showing that the work had been done within a reasonable time prior to the loading of these cars, the objection was well taken and should have been sustained.

Plaintiff contends that the court erred in rejecting the questions above referred to because the evidence which they sought to elicit was relevant to prove the agency of Hilsher, but at the argument upon this motion counsel practically admitted that standing alone the questions were not sufficient to accomplish this purpose, and admitted that the plaintiff would have been compelled, in discharging the burden of proof which rested upon it, to prove the continuance of the relationship, or more accurately speaking, the existence of the same relationship. When these shipping orders were first offered the court indicated that it would be necessary to follow this offer with competent testimony showing the agency of Hilsher, or such acts of the defendants as would constitute him their agent.

One seeking to hold another by the acts of a third party, who has held himself to be acting as the agent of the party sought to be bound, has the burden of proving such agency.

The theory of the plaintiff was that proof of a pre-existing agency is followed by a presumption that the relation continues indefinitely, and hence that it was not only relevant to prove that Hilsher on former occasions had acted as agent of the defendants, but that such proof, because of the presumption of continuance, was competent evidence to show that the relation continued to exist at the time the acts sought to be proven were performed. This is not the law.

"Unless there is proof either that the agency is a general continuing agency to endure until revoked, or that the agent fills some character from which such a general agency may be presumed, the fact that there has been a separate former agency for a different or even a similar

purpose, does not raise the presumption of agency as to any subsequent transaction." 31 Cyc. 1639.

The same rule is thus stated is [in] 2 Corpus Juris, 920, Sec. 648 (b) :

Unless there is proof either that the agency is a general continuing agency to endure until revoked, or that the agent fills some character from which such a general agency may be presumed the fact that there has been a separate former agency for a different or even a similar purpose does not raise a presumption of agency as to any subsequent transaction."

While it is true that where an agency has been proven without showing its extent, the presumption is that the agency is general and not special, it is equally true that the questions asked by the plaintiff and rejected by the court were all directed to the proof of a special agency and indeed to particular transactions. In such cases there is no presumption that the agent's authority is continuous, but rather the contrary.

"In case of special agency limited to a particular transaction, where it appears that at the inception of the transaction an agent is authorized with respect thereto, a prima facie presumption rises that such authority continued throughout the stages of the transaction; but in the absence of competent evidence of its continuance the presumption is that the agency ceased at the completion of the particular transaction to which it was limited." 31 Cyc. 1639.

This action was brought by the Lehigh Valley Railroad Company. The orders and way bills offered in evidence were those of the Northern Central Railway Company. Even if the testimony offered was competent to bind the defendants to the Northern Central Railway Company, it would not be competent to bind them to the plaintiff, unless it was proposed to follow the offer by other competent testimony connecting these two companies in some way.

In Piper v. White, 56 Pa. 90, the court say: "As the offer stood before the court it seemed to be irrelevant, and we would not say the court committed a positive error in its rejection." It is the duty in making an offer of evidence to state its purpose in such manner that the court may perceive its relevancy.

In Germantown Dairy Co. v. McCallum, 223 Pa. 554, the court say: "It is always the duty of the party making an offer, when its admissibility is challenged, to state the purpose in such manner that the court may perceive its relevancy."

There is no testimony offered in this case to show that the defendants had ever had any business relations of any kind or character with the plaintiff, nor that any papers whatever of any kind signed "Mansel & Metzger, shippers, per J. H." had been given to the plaintiff in this case prior to this transaction. We are satisfied, therefore, that the testimony was properly rejected.

And now, September 19, 1916, the plaintiff's motion for new trial is refused and judgment is directed to be entered upon the verdict.

*Errors assigned* were various rulings on evidence.

*John G. Candor*, of *Candor & Munson*, for appellant.— Where, as in the present case, the relevancy of the testimony is clearly apparent, it is not necessary that the purpose of the evidence should be stated by the party offering it, unless it is asked by the opposite counsel or the court. If the purpose is neither asked, nor stated, and the evidence is rejected under a general objection, it is only necessary, for the party making the offer, to show that it is admissible for any purpose, in order to impugn the decision of the trial court: Richardson v. Lessee of Stewart, 4 Binn. 198; Pennsylvania Railroad Co. v. Eby, 107 Pa. 166; Rafferty v. Pittsburgh, 15 Pa. Superior Ct. 77; Com. v. Keene, 7 Pa. Superior Ct. 293.

*Max L. Mitchell,* for appellee.—We contend that when an offer is made, and, of course, asking a question is making an offer, the party making it, at least if it is objected to, must state its purpose so far as to show its relevancy: Lieb v. Painter, 42 Pa. Superior Ct. 399; Feingold v. Katz, 43 Pa. Superior Ct. 333; Kelly v. Kelly, 51 Pa. Superior Ct. 603; Com. v. Grauman, 52 Pa. Superior Ct. 204; Green v. Smith, 58 Pa. Superior Ct. 539.

OPINION BY ORLADY, P. J., July 13, 1917:

The opinion of the court in refusing a new trial, is a sufficient answer to the argument of the appellant. The offers of evidence represented by the assignments of error relate to transactions occurring long prior to the time when it was sought to bind the defendants by the conduct of the alleged agent Hilsher, and when the offers were made to prove his authority, the attention of counsel was called to their defective character, as follows: "Do counsel for plaintiffs propose to follow this offer by any testimony showing that these shipping orders were given by the defendants in this case?" No such offer was made, either to show that the acts of the alleged agent related to transactions within a reasonable period prior to the signing of the shipping orders offered, or to connect proposed testimony with other evidence showing that Hilsher had within a reasonable time prior to the date of the orders been employed by the defendants, and had done similar work or signed similar papers. The questions did not indicate when his special acts had been done or their relation to his employment by the defendants. There was nothing in the several offers as made to connect the defendants with the transaction suggested, and there was nothing offered to show any course of dealing that would indicate a relation of principal and agent at the time the offered shipping orders were signed. The question would have been simplified by making a specific offer to show that at the time these

shipping orders were signed, Hilsher was authorized directly or by implication through a course of conduct to represent the defendant. It cannot be overlooked that despite the inquiry of the court directed to counsel, that the proposed questions did not connect the defendants with the act of Hilsher, the counsel for plaintiff never made any statement of the purpose for the admission of the testimony or any proffer to follow the questions by any evidence that would connect it with the transactions in suit. The relevancy of the questions propounded was not apparent, and if the offers had been made so as to connect the defendants with the act of Hilsher, the court would have presumed that counsel made it in good faith, and would support it by evidence, but in the absence of such an offer there is no ground for presumption, that if the case was reversed the witness on the second trial would give evidence that would be of any benefit to the defendant. Ordinarily, cases ought not to be reversed, and the expense and delay of a second trial be imposed by the appellate court upon mere speculation.

As the record is presented, the trial judge did not err in rejecting the evidence offered, and for the reasons given in his opinion refusing a new trial, the judgment is affirmed.